IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MillerCoors LLC, | |
| Plaintiff | |
| v. | Case No. |
| PB&J Design, Inc., | |
| Defendant. | |

## COMPLAINT

Plaintiff, MillerCoors LLC, for its Complaint against Defendant, PB&J Design, Inc. states as follows:

### PARTIES

1. Plaintiff MillerCoors LLC ("MillerCoors") is a Delaware limited liability company, with its principal place of business at 250 South Wacker Drive, Chicago, Illinois 60606.

2. Defendant, PB&J Design, Inc. is a Connecticut corporation with its principal place of business at 31 Wordin Avenue, Bridgeport, Connecticut 06605.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action because (a) this is a civil action brought under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*, jurisdiction being conferred in accordance with 15 U.S.C. §1121 and 28 U.S.C. § 1338(a) and (b); (b) certain claims are pendent to substantial and related claims under the Trademark Laws of the United States, 5 U.S.C. § 1051 *et seq.*; and (c) this is an action between citizens of different states in which the amount in controversy exceeds the value of $75,000, exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332(a)(1).

4. This Court has personal jurisdiction over Defendant as Defendant offers goods and/or services throughout the United States, including in this District. Among other things, Defendant operates an interactive web site accessible in this District. On information and belief, Defendant has sold products to consumers in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim arose in the Northern District of Illinois and substantial amount of the property that is the subject of this action is situated in the Northern District of Illinois.

## FACTS

6. MillerCoors is the second largest beer company in America, capturing nearly 30 percent of U.S. beer sales. Led by two of the best-selling beers in the industry, MillerCoors has a broad portfolio of highly complementary brands across every major industry segment. MillerCoors beers include Miller Lite, Coors Light, Coors Banquet, Miller Genuine Draft, Miller High Life and Keystone Light.

7. MillerCoors is the owner of numerous trademark registrations, including the trademarks listed in the chart below:

| Trademark | U.S. Reg. No. |
|---|---|
| [Lite logo] | Reg. No. 3,473,213 |
| [Miller Lite logo] | Reg. No. 3,448,933 |

| **Trademark** | **U.S. Reg. No.** |
|---|---|
| *[oval logo]* | Reg. No. 3,640,526 |
| *Miller* | Reg. No. 506,937 |
| GREAT TASTE … LESS FILLING | Reg. No. 1,564,927 |

(collectively, the "MillerCoors Marks").

8.     On information and belief, Defendant provides beer pong games and supplies and is a sponsor of several beer pong tournaments. Beer pong is a drinking game in which players throw a ping-pong ball across a table with the intent of landing the ball in a cup of beer on the other end. The game typically consists of two two-to-four-player teams and multiple cups set up on each side set up in triangle formation. There are no official rules, so rules may vary widely, though usually there are six or ten plastic cups arranged in a triangle on each side. The goal of the game is to eliminate the other team's cups before one's own cups are eliminated. When a ball lands in a cup that cup is eliminated and the defending team must consume all of the beer inside that cup and any other cups knocked over. The losing team must consume all the beer remaining in the winning team's cups.

9.     Defendant's products include beer pong kits, beer pong balls, beer pong tables, and t-shirts. On information and belief, Defendant's products have been sold wholesale to national distributors, convenience store chains and specialty retailers including Spencer's Gifts, Urban Outfitters, Musicland and Newbury Comics. Defendant's products are also available on its website at www.getbombed.com.

10. Defendant's beer pong products prominently feature marks that are strikingly similar to the MillerCoors Marks, including without limitation the BEER PONG Design mark that appears

 

on Defendant's beer pong table and beer pong kit, as shown above. Defendant also uses the tagline "Great Game…Less Filling" in connection with the marketing of its t-shirts bearing the BEER PONG Design, which tagline is strikingly similar to one of the MillerCoors Marks. Screen shots of Defendant's online store are attached as Exhibit A.

11. MillerCoors has taken steps to promote responsible drinking and has worked with the community and its local distributors to help the consuming public understand the importance of drinking responsibly. Defendant's products are inconsistent with MillerCoors' efforts to promote responsible drinking.

12. On information and belief, the target consumers for MillerCoors and Defendant are the same. Both parties' products are marketed to the same individuals; that is, the general consuming public.

13. Defendant's use of marks strikingly similar to the MillerCoors Marks is likely to cause confusion, mistake, or deception in the marketplace.

14. Defendant's use of marks strikingly similar to the MillerCoors Marks also prevents MillerCoors from controlling the MillerCoors Marks. This loss of control will likely cause confusion, mistake, or deception among consumers and in the marketplace.

15. Unless Defendant is enjoined from the use of the marks that are strikingly similar to the MillerCoors Marks, MillerCoors will suffer irreparable harm.

## COUNT I
## TRADEMARK INFRINGEMENT

16. MillerCoors realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15 of the Complaint.

17. Defendant's aforesaid acts constitute trademark infringement in violation of the Trademark Laws of the United States, 15 U.S.C. § 1114(1).

18. Defendant's acts set forth above constitute intentional and willful infringement of MillerCoors' rights in and to the MillerCoors Marks, and are likely to cause confusion, mistake, or deception on the part of consumers as to the affiliation, the connection or association, certification or approval of Defendant's goods and services.

19. By reason of Defendant's acts set forth above, MillerCoors has been injured in its business and property. The injury to MillerCoors is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate MillerCoors for its injuries and MillerCoors lacks an adequate remedy at law.

20. Since Defendant's acts of infringement have been and continue to be deliberate, willful and wanton, this is an exceptional case within the meaning of 15 U.S.C. §1117.

## COUNT II
## UNFAIR COMPETITION

21. MillerCoors realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 20 of the Complaint.

22. Defendant's aforesaid acts constitute unfair competition in violation of the Trademark Laws of the United States, 15 U.S.C. § 1125(a).

23. By reason of Defendant's acts set forth above, MillerCoors has been injured in its business and property. The injury to MillerCoors is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate MillerCoors for its injuries and MillerCoors lacks an adequate remedy at law.

24. Since Defendant's acts of infringement have been and continue to be deliberate, willful and wanton, this is an exceptional case within the meaning of 15 U.S.C. §1117.

## COUNT III
## DECEPTIVE TRADE PRACTICES

25. MillerCoors realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24 of the Complaint.

26. Defendant's use of the MillerCoors Marks is likely to cause confusion or misunderstanding on the part of consumers as to the affiliation, the connection or association, certification or approval of Defendant's goods and services.

27. As a result of these aforesaid acts, Defendant has been and is engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

28. On information and belief, Defendant has willfully engaged in the above described acts in Illinois and in this judicial district.

29. By reason of Defendant's acts set forth above, MillerCoors has been injured in its business and property. The injury to MillerCoors is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate MillerCoors for its injuries and MillerCoors lacks an adequate remedy at law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff MillerCoors requests this Court to enter the following relief for MillerCoors and against Defendant and its officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on its behalf or under its direction or authority, and all persons acting in concert or in participation with Defendant:

(a) An order preliminarily and permanently enjoining the use, in any manner whatsoever, of the MillerCoors Marks or any other mark which is a colorable imitation or is confusingly similar in any manner to the MillerCoors Marks, including phonetic equivalents, either on or in connection with the distribution, sale, offering for sale, advertisement, or promotion of any of Defendant's goods or services;

(b) An order preliminarily and permanently enjoining the representation, in any manner or by any method whatsoever, that any goods, services or business sold by Defendant are sponsored, approved, or authorized by or originating from MillerCoors, or from otherwise taking any action likely to cause confusion, mistake, or deception on the public as to the origin, approval, sponsorship or certification of such goods or services;

(c) An order requiring Defendant to deliver up to the Court any and all products, as well as any and all advertisements, brochures, promotional items, and the like in Defendant's possession or control which might, if sold or used in conjunction with the sale, distribution, or promotion of any good or service violate any injunction granted herein;

(d) An order restraining and enjoining Defendant, pending trial of this action, from doing and engaging in any of the acts described above and be directed to conform with each and every provision of this prayer for relief;

(e) That MillerCoors have an accounting for damages and for all the profits together with those profits lost by MillerCoors due to the actions of Defendant claimed herein;

(f) That MillerCoors be granted an award for damages due to the injury to its business, reputation and loss of goodwill by reason of Defendant's offer to sell or provide goods and services not emanating from MillerCoors but identified with the MillerCoors marks;

(g) That the damages assessed be trebled pursuant to 15 U.S.C. § 1117;

(h) That Defendant pay MillerCoors' costs and disbursements in pursuing this action, including its reasonable attorneys' fees; and

(i) That MillerCoors have such other and further relief as this Court may deem appropriate.

## JURY DEMAND

MillerCoors further requests a trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: February 16, 2010

/s Nicole M. Murray

David R. Cross
david.cross@quarles.com
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497
(414) 277-5000

Nicole M. Murray ARDC# 6278103
nicole.murray@quarles.com
QUARLES & BRADY LLP
300 N. LaSalle St. Suite 4000
Chicago, IL 60654
(312) 715-5000